PEOPLE, PLAINTIFF AND APPELLEE, v. BARBOSA ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in a Prosecution
for Violation of Section 84 of the Penal Code.

No. 2126.—Decided July 30, 1924.

SPEEDY TRIAL—CAUSE FOR DELAY.—The cause for delay given by the district
attorney and sustained by the district court was held by the Supreme Court
to be insufficient; therefore the judgment was reversed and the court was
ordered to dismiss the prosecution.

The facts are stated in the opinion.

Mr. L. Mendín Sabat for the appellants.

Mr. José E. Figueras, Fiscal, for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

Rafael Barbosa and others were indicted for a violation
of section 84 of the Penal Code. The indictment was filed
on June 8, 1922. In pleading to it the defendants moved
that it be quashed because more than the statutory 60 days
had elapsed between their arrest and the filing of the charge.
The district attorney objected and the court, holding that
there was just cause for the delay, refused to quash the
indictment.

The facts alleged and found by the court as constitut-
ing a good cause for the delay were that although the de-
fendants were arrested on February 4th and the indictment
was not filed until June 8th, that was due to the fact that
the preliminary examination made by the Municipal Judge
of Caguas was not received by the District Attorney of
Humacao until February 17th when the February term of
the grand jury had already been called, the grand jury
having been impaneled on the 23rd and the list of cases to
be submitted to the grand jury having been filed on the
15th, for which reason the case against the defendants was
not included therein, and also that the next term of the

grand jury did not commence until June and that was the first opportunity for filing the indictment.

We can not agree. District attorneys ought to be in direct communication with the municipal judges when they are in charge of preliminary examinations. And generally when the municipal judge acts all of the proceedings are sent up in writing and the work of the district attorney is thus rendered very easy. The case was not a complicated one.

While the law stands as it is the district attorneys and judges should arrange their work on the basis of the law. We think that the charge could have been investigated by the grand jury impaneled in February. Besides, the time elapsed between the impaneling of the grand jury in February and that of another in June was too long for compliance with the requirements of the Code of Criminal Procedure.

In the case of *People* v. *Almodóvar,* 32 P.R.R. 765, the Supreme Court expressed itself as follows:

"Indeed, the court itself said that one of its terms was held in May and June of 1922 and that the grand jury was not impaneled until June 12th. Such being the case, as the grand jury could have been impaneled in May and it not being shown that for some good cause it was not impaneled in that month, the right of the defendant is clear in accordance with the law and the jurisprudence cited by the district court. As the district courts of Porto Rico hold five terms of two months each and as a grand jury is impaneled in each term, the period of sixty days, which is twice the time allowed in California, does not render compliance with the statute impossible."

The judgment appealed from must be reversed and the court ordered to quash the indictment.

*Reversed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.